**KILPATRICK STOCKTON LLP**
Joseph Petersen (JP-9071)
31 West 52nd Street
14th Floor
New York, NY 10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800



Attorneys for Plaintiff Kwik Goal, Ltd.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



| | |
|---|---|
| KWIK GOAL, LTD. | |
| Plaintiff, | 06 Civ. |
| - against - | **COMPLAINT** |
| EPIC SPORTS, INC., GARY PROCTOR and GOAL SPORTING GOODS, INC. | |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff Kwik Goal, Ltd. ("Kwik Goal"), by its attorneys Kilpatrick Stockton LLP, for its complaint against defendants Epic Sports, Inc., ("ESI"), ESI's president Gary Proctor ("Proctor") (ESI and Proctor, collectively, "Epic") and Goal Sporting Goods, Inc. ("Goal") (Epic and Goal, collectively, "Defendants"), hereby demands a jury trial and alleges upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.     Kwik Goal, a leading supplier of soccer and other sports related merchandise, brings this action at law and in equity for copyright infringement under the Copyright Laws of the United States, trademark infringement, passing off and trade dress infringement under the Trademark Laws of the United States, patent infringement under the

Patent Laws of the United States, breach of contract, unfair competition, deceptive and dishonest acts and practices, misappropriation and unjust enrichment.

2.      Epic was formerly an authorized distributor of Kwik Goal's KWIK GOAL® line of sports related merchandise; however, on or about February 27, 2004, Kwik Goal terminated Epic as an authorized retailer of KWIK GOAL® merchandise in response to discovering that Epic had copied images of KWIK GOAL® merchandise from Kwik Goal's copyrighted catalogs and had used such images in connection with the promotion of products other than KWIK GOAL® merchandise.

3.      Kwik Goal has recently discovered that Epic has not only re-commenced infringing Kwik Goal's intellectual property rights since Epic's termination as an authorized retailer of KWIK GOAL® merchandise but has increased the scale of its infringement. Epic's website continues to promote products other than genuine KWIK GOAL® merchandise by displaying copies of original images and text copied by Epic from Kwik Goal's yearly product catalogs. Epic is further distributing assembly instructions for one of its soccer "rebounder" products which copies, word for word and drawing by drawing, the assembly instructions created by Kwik Goal for its rebounder product. Further, Epic has promoted, and continues to promote, its products by using trademarks and trade dress that are colorable imitations of, and are confusingly similar to, Kwik Goal's trademarks and trade dress. Lastly, Epic is openly offering to sell and selling a two-sided soccer rebounder, which Epic obtains from Goal, that infringes one or more claims of Kwik Goal's United States Patent No. 5,938,546.

4.      Defendants' blatant infringements of Kwik Goal's intellectual property rights have directly and irreparably harmed, and unless enjoined will continue to harm, Kwik Goal. Defendants' conduct has caused Kwik Goal to suffer a substantial loss in revenue;

-2-

however, money damages alone cannot adequately compensate Kwik Goal for the harm caused to it as a result of Defendants' actions.

5.      Accordingly, Kwik Goal seeks a judgment and Order from this Court, inter alia: (i) declaring that Defendants have violated federal and state law as described more fully below; (ii) awarding Kwik Goal treble damages and an award of profits or, with respect to Kwik Goal's copyright claims, the maximum permissible amount of statutory damages; (iii) awarding Kwik Goal injunctive relief; (iv) awarding Kwik Goal attorneys' fees and costs, pre-judgment and post-judgment interest as well as such other relief as may be appropriate.

### JURISDICTION AND VENUE

6.      Kwik Goal's claims for copyright infringement arise under the Copyright Laws of the United States, Title 17 U.S.C. § 101 et seq., and this Court has federal jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338.   The claims for trademark infringement, passing off and trade dress infringement arise under the Trademark Laws of the United States, Title 15 U.S.C. § 1051 et seq., and this Court has federal jurisdiction over such claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§1331 and 1338.  Kwik Goal's claims for patent infringement arise under the Patent Laws of the United States, Title 35 U.S.C. § 1 et seq., and this Court has federal jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has federal jurisdiction over the related claims for common law unfair competition pursuant to 28 U.S.C. § 1338(b).  This Court has supplemental jurisdiction over the related claims for breach of contract, deceptive and dishonest acts and practices, misappropriation and unjust enrichment pursuant to 28 U.S.C. § 1367.  This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as there is diversity between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

7.     Jurisdiction over Defendants comports with the United States Constitution and the long-arm statute for the State of New York, Rule 302 of the New York Civil Practice Law and Rules.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because defendants ESI and Goal are deemed to reside in this District and because Defendants have engaged in, and continue to engage in, acts of offering for sale and selling the products at issue in this action within this District.

## THE PARTIES

9.     Plaintiff Kwik Goal, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a business address located at 140 Pacific Drive, Quakertown, PA 18951, is a leader in the design, manufacture and distribution of a broad array of sports related merchandise.

10.     Defendant ESI, a Nevada corporation located at 400 S. Emporia, Wichita, KS 67202, distributes sporting goods over the internet.  ESI transacts business in New York and throughout the United States.

11.     Defendant Proctor is an individual residing at 2241 South Clay Lane, Wichita KS 67207-6319.  Upon information and belief, Proctor is the president and owner of ESI and has had direct involvement, participation, and a financial interest in, as well as supervision over, the acts of infringement complained of herein.

12.     Defendant Goal, a Connecticut corporation located at 37 Industrial Park Road, Essex, CT 06426, manufactures and distributes sporting goods over the internet.  Goal transacts business in New York and throughout the United States.

-4-

## FACTUAL BACKGROUND

I.   **Kwik Goal**

13.   Since 1981, Kwik Goal has been engaged in the design, manufacture and distribution of soccer products. It currently offers a wide variety of sports related merchandise in connection with the federally registered trademark KWIK GOAL® among other federally registered and/or common law trademarks (such merchandise hereinafter "KWIK GOAL® Merchandise").

14.   Kwik Goal is a family owned company which is now very well-known in the industry for its innovative, high-quality line of merchandise. It is currently one of the largest suppliers of high-end soccer equipment in North America.

15.   Kwik Goal currently offers a line of sports-related merchandise comprised of over 470 products in connection with soccer, baseball, lacrosse, football, rugby, and field hockey. Its soccer goals and equipment are used and endorsed by the United States Soccer Federation, the governing body of soccer in all its forms in the United States, and by Major League Soccer, the United States' most prestigious professional soccer league.

16.   Kwik Goal distributes its line of KWIK GOAL® Merchandise through numerous retailers located throughout the United States and many other countries. Its pioneering efforts in the design of sports products have earned Kwik Goal numerous patents. Kwik Goal is also the owner of a number of federally registered, incontestable trademarks associated with its KWIK GOAL® branded merchandise and owns numerous copyrights associated with its website, product catalogs, training materials, and instruction manuals.

A.   **Kwik Goal's Copyrights**

17.   For many years, Kwik Goal has promoted its line of KWIK GOAL® Merchandise through the publication of a yearly catalog providing an overview of the KWIK

GOAL® Merchandise that Kwik Goal plans to make available during the upcoming year.  Kwik Goal's yearly, copyrighted catalogs consist in large part of photographs of the merchandise that Kwik Goal intends to market for the upcoming year along with a variety of product related information.

18.    Further, with respect to KWIK GOAL® Merchandise which requires assembly prior to use, Kwik Goal creates and publishes copyrighted product instructions setting forth the steps necessary for proper assemblage.

19.    Among other copyright registrations, Kwik Goal is the owner of all copyright rights in the following catalogs and assembly instructions (collectively referred to herein as the "Works"):

| Title of Work | © Reg. No. | Date of Reg. |
|---|---|---|
| Kwik Goal 1997 Full Line Soccer Equipment Catalog | TX-4-580-917 | April 17, 1997 |
| Kwik Goal 1999 Soccer Equipment Catalog | TX-4-942-281 | March 8, 1999 |
| Kwik Goal 2000 Soccer Equipment Catalog | TX-5-185-981 | April 25, 2000 |
| Kwik Goal 2001 Soccer Equipment and Supplies Catalog | TX-5-421-443 | August 20, 2001 |
| Kwik Goal Ltd. 2002 Soccer Equipment and Supplies Catalog | TX-5-554-492 | March 5, 2002 |
| Assembly Instructions for 2B1603 (AFR-1) Revised 2/20/01 | TX-6-231-464 | August 2, 2005 |

20.    True and correct copies of the first page of the Works are attached as Exhibit 1, and true and correct copies of Kwik Goal's corresponding copyright registration certificates are attached as Exhibit 2.

21.     The Works are original works of authorship embodying copyrightable subject matter and Kwik Goal has at all times complied with the Copyright Act with respect to said Works. The associated copyrights are subsisting, valid and fully enforceable and Kwik Goal is the exclusive owner of the copyright registrations with the United States Register of Copyrights with respect to the Works.

22.     As owner of all rights under copyright in the Works, Kwik Goal is entitled to all of the exclusive rights and remedies accorded by the Copyright Act to a copyright owner.

**B.     Kwik Goal's Registered Trademarks**

23.     Kwik Goal markets and sells its KWIK GOAL® line of merchandise in connection with a number of other registered and unregistered trademarks.  For example, beginning at least as early as 1982, Kwik Goal adopted and began using, and has continued to use, the trademark KWIK BUTTON® in connection with sporting goods and athletic equipment.

24.     Further, beginning at least as early as 1989, Kwik Goal adopted and began using, and has continued to use, a tri-partite diamond design logo (hereinafter, the "Diamond Design Mark") in connection with soccer balls as depicted below:

 

25.     Further, beginning at least as early as 1998, Kwik Goal adopted and began using, and has continued to use, the trademark KWIK BACK® in connection with sporting goods and athletic equipment.

26.     Kwik Goal owns numerous registrations on the Principal Register of the United States Trademark Registry including registrations in connection with the above identified trademarks, namely:

- KWIK BUTTON, U.S. Reg. No. 2302061, for "Sporting Goods and Sports Equipment, namely, Soccer; metal snap device that is used to fasten aluminum tubing together to comprise a soccer goal" in International Class 28, issued on December 21, 1999 with a first use date of January 1, 1982;

- , U.S. Reg. No. 2147667, for "soccer balls" in International Class 28, issued on March 31, 1998 with a first use date of August 15, 1989; and

- KWIK BACK, U.S. Reg. No. 2,232,965, for "sporting goods and athletic equipment, namely, non-electric devices for rebounding sports balls" in International Class 28, issued on March 16, 1999 with a first use date of February 19, 1998.

27.     True and correct copies of Kwik Goal's registration certificates ("Certificates of Registration") with respect to each of the above marks (collectively referred to herein as the "Registered Trademarks") are attached as Exhibits 3, 4 and 5 respectively.

28.     The Certificates of Registration are valid and subsisting and are incontestable under 15 U.S.C. § 1065, and the Certificates of Registration constitute conclusive evidence of the validity and Kwik Goal's ownership of the Registered Trademarks, as well as of Kwik Goal's exclusive right to use the Registered Trademarks in connection with the goods specified in the Certificates of Registration.

29.     Kwik Goal has invested substantial sums in advertising, marketing, and promoting its merchandise in connection with the Registered Trademarks.  As a result, the consuming public has come to recognize, and does recognize, the Registered Trademarks as being used by Kwik Goal and/or by a single source, and to associate and identify the Registered

-8-

Trademarks with Kwik Goal. Kwik Goal enjoys a valuable reputation and derives substantial goodwill and value from the aforesaid identification by the consuming public and trade.

### C.   Kwik Goal's Distinctive Rebounders

30.   For many years, Kwik Goal has manufactured, promoted and sold, in the United States, a soccer training device called a "rebounder." Rebounders are used by soccer players to practice kicking soccer balls into goals. The design of the rebounder allows for the ball to bounce back to the player after he or she has kicked the ball into the goal.

31.   Since at least as early as 1999, Kwik Goal has marketed and sold rebounder products that feature a white frame with black netting, a moveable red square "target," and white ground shoes with red caps (hereinafter, Kwik Goal's "Target Rebounders"). A true and correct photograph of one such distinctive KWIK GOAL® Target Rebounder, Kwik Goal's AFR-2 rebounder, is attached as Exhibit 6.

32.   Kwik Goal has invested substantial sums in advertising, marketing, and promoting its distinctive Target Rebounders. As a result, the consuming public has come to recognize, and does recognize, the distinctive color scheme of Kwik Goal's Target Rebounders as being used by Kwik Goal and/or by a single source, and to associate and identify such distinctive elements with Kwik Goal. Kwik Goal enjoys a valuable reputation and derives substantial goodwill and value from the aforesaid identification by the consuming public and trade.

33.   The distinctive color scheme of Kwik Goal's Target Rebounders is not functional.

**D.      Kwik Goal's Patented Rebounder**

34.     Anthony Caruso, Kwik Goal's President and Chief Executive Officer, has been engaged in the design, manufacture and promotion of sports related products for many years. Before December 17, 1997, Mr. Caruso conceived of a new and nonobvious invention pertaining to an apparatus for rebounding balls.

35.     On December 17, 1997, Mr. Caruso filed a patent application directed to his invention. On August 17, 1999, United States Patent No. 5,938,546 was duly and legally issued for an invention titled "Apparatus for Rebounding Balls" (the "'546 patent"). A true and correct copy of the '546 patent is attached as Exhibit 7.

36.     By assignment, Mr. Caruso assigned all right, title and interest in and to the '546 patent to Kwik Goal. Kwik Goal remains the owner of the '546 patent.

**II.      Defendants' Infringing Activities**

**A.      Epic's Past Infringement**

37.     Epic operates a website from the internet address www.epicsoccer.com. Epic's website is managed, controlled and/or directed by defendant Proctor.

38.     Epic is primarily an internet retailer or "e-tailer" of soccer related products and was previously an authorized distributor of KWIK GOAL® Merchandise. True and correct copies of pages from Epic's website are attached as Exhibit 8.

39.     Consumers visiting Epic's website can order merchandise from Epic directly through the website and Epic thereafter ships such merchandise anywhere in the United States, including into the Southern District of New York.

40.     In connection with Epic's participation in Kwik Goal's authorized distributor network, and on or about October 23, 2003, Epic entered into an agreement with Kwik Goal in which Kwik Goal granted Epic conditional permission to use Kwik Goal's catalog

-10-

and web site images solely in connection with Epic's promotion and sale of genuine KWIK GOAL® Merchandise. A true and correct copy of this agreement, entitled "Conditional Permission for Use of Kwik Goal Ltd. Photographs/Images/Artwork" (the "Conditional Permission"), is attached as Exhibit 9.

41.     The Conditional Permission expressly states that "[a]ll 'Artwork' is copyrighted and is the exclusive property of KWIK GOAL LTD."

42.     The permission granted in the Conditional Permission commenced on October 23, 2003 and expired on December 31, 2004.

43.     Shortly after Epic's execution of the Conditional Permission, Kwik Goal discovered that Epic was altering Kwik Goal's images of its merchandise and was using those images to sell merchandise other than genuine KWIK GOAL® Merchandise.

44.     By letter dated February 27, 2004, Kwik Goal's attorney wrote to Epic demanding that Epic cease and desist from further violations of Kwik Goal's rights under the Conditional Permission and under applicable federal law. In this letter, Kwik Goal also properly terminated Epic as an authorized distributor of KWIK GOAL® Merchandise. A true and correct copy of Kwik Goal's attorney's February 27, 2004 letter is attached as Exhibit 10.

45.     In response to Kwik Goal's attorney's February 27, 2004 letter, on or about March 3, 2004 defendant Proctor represented to Kwik Goal's attorney that Epic would remove all KWIK GOAL® Merchandise from its web site. A true and correct copy of Kwik Goal's attorney's March 3, 2004 facsimile to Proctor confirming this representation is attached as Exhibit 11.

**B.      Epic's Unauthorized Copying of Images from Kwik Goal's Catalogs**

46.      Notwithstanding Proctor's prior representations, and Epic's notice of Kwik Goal's exclusive rights, Epic has once again resumed copying images from Kwik Goal's catalogs and has used such images in connection with the promotion and sale of products other than genuine KWIK GOAL® Merchandise.

47.      For example, a photograph of a KWIK GOAL® "futsal"[1] soccer ball, Model #1B3, which photograph first appeared in Kwik Goal's copyrighted 1997 catalog, has been copied by Epic and the identical photograph, altered to remove Kwik Goal's trademarks, appears in Epic's website in connection with the promotion and sale of a futsal ball that is not a genuine KWIK GOAL® futsal ball.  Specifically, when an order is placed with Epic for the futsal ball depicted on its website, Epic ships a futsal ball that is not a genuine KWIK GOAL® futsal ball.  The futsal ball (including its associated packaging) shipped by Epic is of a markedly inferior quality as compared to genuine KWIK GOAL® futsal balls.

48.      A true and correct copy of the KWIK GOAL® futsal ball image from Kwik Goal's copyrighted 1997 catalog is attached as Exhibit 12 and a true and correct copy of a page from Epic's website containing a copy of this image, which has been altered to remove the Kwik Goal trademarks that appear in the original, is attached as Exhibit 13.

49.      Further, a photograph of a KWIK GOAL® ENDURA™ indoor soccer ball, Model #1B20, which photograph first appeared in Kwik Goal's copyrighted 1997 catalog, has been copied by Epic and the identical photograph, altered to remove certain of Kwik Goal's trademarks (but not Kwik Goal's Diamond Design Mark) appears in connection with the promotion and sale of a soccer ball that is not a genuine KWIK GOAL® soccer ball in an

---

[1] "Futsal" is a version of soccer that is played indoors.

advertisement placed by Epic in the 2004-05 Rules Book of the National Federation of State High School Associations. Specifically, when an order is placed with Epic for the soccer ball depicted in this advertisement, Epic ships a soccer ball that is not a genuine KWIK GOAL® soccer ball. The soccer ball (including its associated packaging) shipped by Epic is of a markedly inferior quality as compared to genuine KWIK GOAL® ENDURA™ indoor soccer balls.

50.    A true and correct copy of the KWIK GOAL® ENDURA™ indoor soccer ball image from Kwik Goal's copyrighted 1997 catalog is attached as Exhibit 12 and a true and correct copy of a page from Epic's advertisement containing a copy of this image which has been altered to remove certain of Kwik Goal's trademarks is attached as Exhibit 14 (along with a copy of the first page of the publication in which this advertisement appeared).

51.    Further, a photograph of overlapping KWIK GOAL® "captain" arm bands, which first appeared in Kwik Goal's copyrighted 1999 catalog, has been copied by Epic and the identical photograph appears in Epic's website in connection with the promotion and sale of captain arm bands that are not genuine KWIK GOAL® captain arm bands. Specifically, when an order is placed with Epic for the arm bands depicted on its website, Epic ships arm bands that are not genuine KWIK GOAL® arm bands. The arm bands (including their associated packaging) shipped by Epic is of a markedly inferior quality as compared to genuine KWIK GOAL® arm bands.

52.    A true and correct copy of the KWIK GOAL® captain arm bands image from Kwik Goal's copyrighted 1999 catalog is attached as Exhibit 15 and a true and correct copy of a page from Epic's website containing a copy of this image is attached as Exhibit 16.

NEWYORK.355647.1

53.    Further, a photograph of Kwik Goal's PROJECT STRIKEFORCE® soccer goal, which first appeared in Kwik Goal's copyrighted 2001 catalog, has been copied by Epic and the identical photograph appears in Epic's website in connection with the promotion and sale of a soccer goal that is not a genuine KWIK GOAL® PROJECT STRIKEFORCE® soccer goal.  Specifically, when an order is placed with Epic for the soccer goal depicted on its website, Epic ships a soccer goal that is not a genuine KWIK GOAL® soccer goal.  The soccer goal (including its associated packaging) shipped by Epic is of a markedly inferior quality as compared to genuine KWIK GOAL® PROJECT STRIKEFORCE® soccer goals.

54.    A true and correct copy of the KWIK GOAL® PROJECT STRIKEFORCE® soccer goal image from Kwik Goal's copyrighted 2001 catalog is attached as Exhibit 17 and a true and correct copy of a page from Epic's website containing a copy of this image is attached as Exhibit 18.

55.    Kwik Goal has never authorized Epic to copy images from Kwik Goal's catalogs and use such images in connection with the promotion and sale of merchandise other than genuine KWIK GOAL® Merchandise.  In fact, the Conditional Permission expressly provides that "the 'Artwork' may not be altered and/or used for any purpose other than to advertise KWIK GOAL product(s) …"

56.    The Conditional Permission further provides that "[f]ull credit and copyright information, with respect to KWIK GOAL LTD.'s ownership, must appear with each publication of the 'Artwork.'"  Notwithstanding this requirement, none of the images identified above which appear in Epic's website refer to Kwik Goal's ownership of such image.

57.    Epic's actions have been willful and in bad faith.

NEWYORK.355647.1

**C.   Epic's Unauthorized Copying of Text Found In Kwik Goal's Catalogs and Assembly Instructions**

58.   In addition to copying a number of Kwik Goal's photographs as identified above, Epic has also seen fit to copy text from Kwik Goal's copyrighted catalogs.  For example, Epic's website describes certain of the products Epic offers for sale by copying, verbatim, product descriptions found in Kwik Goal's copyrighted catalogs.

59.   Epic's description of its two-side rebounder product, Epic Item#RV234B, copies, word for word, the description of Kwik Goal's patented KWIK BACK® rebounder product found in Kwik Goal's copyrighted 2000 catalog.  A side by side comparison illustrates the fact that the descriptions are identical:

| Description of KWIK BACK® Rebounder | Description of Epic's Two-Sided Rebounder |
|---|---|
| • 5'4"H x 4' W aluminum frame.<br>• 8 possible rebounding angles.<br>• Red, 2mm, 1½" mesh net included.<br>• Net attachment band and "U" anchors included | • 5'4"H x 4' W aluminum frame.<br>• 8 possible rebounding angles.<br>• Red, 2mm, 1½" mesh net included.<br>• Net attachment band and "U" anchors included |

60.   A true and correct copy of the page from Kwik Goal's copyrighted 2000 catalog describing Kwik Goal's patented KWIK BACK® rebounder is attached as Exhibit 6 and a true and correct copy of a page from Epic's website containing its description of its two-sided rebounder is attached as Exhibit 19.

61.   Similarly, Epic's description of its Wiel Coerver Training Goal product, Epic Item#RV202, copies, word for word, the description of Kwik Goal's Wiel Coerver Training Goal product found in Kwik Goal's copyrighted 2002 catalog.  A side by side comparison illustrates the fact that the descriptions are identical, including even the model number assigned to Epic's net fastener product:

| Description of Kwik Goal's Wiel Coerver Training Goal Product | Description of Epic's Wiel Coerver Training Goal Product |
|---|---|
| • Net with Medial and Base Ropes.<br>• Net Fastener (MNF-1).<br>• Steel Anchoring Shoes. | • Net with Medial and Base Ropes.<br>• Net Fastener (MNF-1).<br>• Steel Anchoring Shoes. |

62. A true and correct copy of the page from Kwik Goal's copyrighted 2002 catalog describing Kwik Goal's Wiel Coerver Training Goal product is attached as Exhibit 20 and a true and correct copy of a page from Epic's website containing its description of its Wiel Coerver Training Goal product is attached as Exhibit 21.

63. Similarly, Epic's description of its futsal product, Epic Item#-futsal, copies, word for word, the description of Kwik Goal's description of its futsal ball found in Kwik Goal's copyrighted 2001 catalog. A side by side comparison illustrates the fact that the descriptions are essentially identical:

| Description of Kwik Goal's Futsal Ball | Description of Epic's Futsal Ball |
|---|---|
| • This weighted ball is the ultimate for the game of Futsal®.<br>• *32 panel, hand-sewn.<br>• *Synthetic leather.<br>• *Low bounce.<br>• *25" circumference.<br>• Latex bladder requires regular inflation. | • This weighted ball is the ultimate for the game of Futsal.<br>• *32 panel, hand-sewn.<br>• *Synthetic leather.<br>• *Low bounce.<br>• *25" circumference.<br>• Latex bladder requires regular inflation. |

64. A true and correct copy of the page from Kwik Goal's copyrighted 2001 catalog describing Kwik Goal's futsal ball is attached as Exhibit 22 and a true and correct copy of a page from Epic's website containing its description of its futsal ball is attached as Exhibit 13.

65. Similarly, Epic's description of its X-Treem indoor soccer ball, Epic Item#-EX, copies, nearly word for word, the description of Kwik Goal's description of its

-16-

ENDURA™ indoor soccer ball found in Kwik Goal's copyrighted 2001 catalog. A side by side

comparison illustrates the fact that the descriptions are strikingly similar:

| Description of Kwik Goal's ENDURA™ Indoor Ball | Description of Epic's X-Treem Indoor Ball |
|---|---|
| • 32 panel, hand-sewn<br>• Synthetic leather with soft suede finish.<br>• Bright color for high visibility.<br>• Four layer heavy-duty backing<br>• Non-leak butyl bladder.<br>• Shape retention.<br>• Balanced flight | Designed for INDOOR PLAY<br>32 Panel Handsewn<br>Synthetic leather with soft suede finishFour layer heavy duty backing, Non-leak butyl bladder Balanced flight, |

66.    A true and correct copy of the page from Kwik Goal's copyrighted 2001

catalog describing Kwik Goal's ENDURA™ indoor soccer ball is attached as Exhibit 22 and a

true and correct copy of a page from Epic's website containing its description of its X-Treem ball

is attached as Exhibit 23.

67.    Further, Epic's "Extra Soccer Planner," Epic Item#ESP, copies the KWIK

GOAL® Soccer Planner first depicted in Kwik Goal's copyrighted 1999 catalog. A side by side

comparison illustrates the fact that Epic's "Extra Soccer Planner" is essentially identical to Kwik

Goal's KWIK GOAL® Soccer Planner:

| Kwik Goal's Soccer Planner | Epic's Extra Soccer Planner |
|---|---|
|  |  |

68.     A true and correct copy of the page from Kwik Goal's copyrighted 2001 catalog depicting Kwik Goal's Soccer Planner is attached as Exhibit 24 and a true and correct copy of a page from Epic's website containing its Extra Soccer Planner is attached as Exhibit 25.

69.     Further, Epic's assembly instructions for its Easy Goal Rebounder, Epic Item#EZGR, copy, verbatim, Kwik Goal's copyrighted Assembly Instructions for Kwik Goal's Rebounder, Kwik Goal Style number 2B1603 (AFR-1).

70.     A true and correct copy of Kwik Goal's copyrighted instructions for its Rebounder is attached as Exhibit 26 and a true and correct copy of Epic's instructions for its Easy Goal Rebounder is attached as Exhibit 27.

71.     Kwik Goal has never authorized Epic to copy text from Kwik Goal's catalogs and assembly instructions.

72.     Epic's actions have been willful and in bad faith.

**D.     Epic's Unauthorized Use of Kwik Goal's Trademarks and Trade Dress**

73.     Epic's infringement of Kwik Goal's intellectual property rights has also extended to infringement of Kwik Goal's distinctive trademarks and trade dress.

74.     For example, long after Kwik Goal adopted the trademark KWIK BUTTON®, Epic commenced promoting, and continues to promote, soccer goal products in connection with the mark "Quick Button Assembly."  A true and correct copy of a page from Epic's website promoting one such product as having a "Quick Button Assembly" is attached as Exhibit 18.

75.     Epic's use of the mark "Quick Button" in connection with sports related products is deceptively and confusingly similar to Kwik Goal's KWIK BUTTON® mark and conveys the identical commercial impression to consumers.

NEWYORK.355647.1

76.     Further, long after Kwik Goal adopted its Diamond Design Mark, Epic commenced promoting its soccer ball products in connection with a photograph of a KWIK GOAL® ENDURA™ soccer ball bearing the Diamond Design Mark. A true and correct copy of one such advertisement, which Epic placed in the 2004-05 Rules Book of the National Federation of State High School Associations, is attached as Exhibit 14.

77.     Epic's use of a mark identical to the Diamond Design Mark in connection with sports related products is deceptively and confusingly similar to Kwik Goal's Diamond Design Mark and conveys the identical commercial impression to consumers.

78.     Further, long after Kwik Goal adopted the trademark KWIK BACK®, Epic commenced promoting, and continues to promote, soccer rebounder products in connection with the mark KWIK BACK. A true and correct copy of a page from Epic's website promoting its two-sided rebounder in connection with the mark KWIK BACK is attached as Exhibit 19.

79.     Epic's use of the mark "KWIK BACK" in connection with sports related products is deceptively and confusingly similar to Kwik Goal's KWIK BACK® mark and conveys the identical commercial impression to consumers.

80.     Also, Epic is currently offering for sale and selling rebounder products from a manufacturer other than Kwik Goal which products have the same distinctive colors as Kwik Goal's Target Rebounders, including the same white frame, black net and moveable red target. Epic's rebounder products are of a markedly inferior quality as compared to genuine KWIK GOAL® Target Rebounders. A true and correct copy of a page from Epic's website containing an image of Epic's rebounder product is attached as Exhibit 28.

NEWYORK.355647.1

81.     Epic's sale of rebounders with the same distinctive colors as Kwik Goal's Target Rebounders is deceptively and confusingly similar to Kwik Goal's Target Rebounders and conveys the identical commercial impression to consumers.

82.     Kwik Goal has not authorized Epic to use the foregoing Kwik Goal trademarks and trade dress.

83.     Epic's actions have been willful and in bad faith.

**E.     Defendants' Infringement of the '546 patent**

84.     Epic has been and is currently offering for sale and/or selling a two-sided rebounder product manufactured and/or supplied by Goal that is covered by one or more of the claims of the '546 patent.  A true and correct copy of a page from Epic's website depicting this two-sided rebounder is attached as Exhibit 19.

85.     Kwik Goal has not granted a license or any other right to Defendants to make, use, offer for sale, or sell the invention defined by the claims of the '546 patent.

86.     Defendants' actions have been willful and in bad faith.

**COUNT ONE**
**COPYRIGHT INFRINGEMENT**

87.     Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 - 86 of this Complaint with the same force and effect as if fully set forth herein.

88.     The Works are original works of authorship, and Kwik Goal is the sole and exclusive owner of all right, title and interest in and to the copyrights in the Works.

89.     Prior to its creation of the relevant portions of its website and product assembly instructions for its rebounder product, Epic had access to the Works.

90.     Significant portions of Epic's website and product assembly instructions are identical or substantially similar to copyrighted materials in the Works.

NEWYORK.355647.1

91.     Without Kwik Goal's authorization, Epic copied images and text from Kwik Goal's copyrighted catalogs and product assembly instructions in violation of Kwik Goal's exclusive rights under Section 106 of the Copyright Act.

92.     Epic's conduct is causing immediate and irreparable injury to Kwik Goal and will continue both to damage Kwik Goal and deceive the public until enjoined by this Court. Kwik Goal has no adequate remedy at law.

93.     Epic has received substantial revenues and substantial profits arising out of their unauthorized use and exploitation of the Works and Kwik Goal has also suffered damages as a result of Epic's infringing conduct for which Epic is responsible.

## COUNT TWO
## TRADEMARK INFRINGEMENT

94.     Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 through 93 of this Complaint with the same force and effect as if fully set forth herein.

95.     Epic has used the Registered Trademarks or marks confusingly similar thereto on or in connection with the offering for sale and sale of sports related merchandise in such a manner so as to be likely to cause confusion, to cause mistake, or to deceive as to the origin and sponsorship of those goods in violation of 15 U.S.C. § 1114.

96.     Epic's conduct is causing immediate and irreparable injury to Kwik Goal and will continue both to damage Kwik Goal and deceive the public until enjoined by this Court. Kwik Goal has no adequate remedy at law.

97.     Epic has received substantial revenues and substantial profits arising out of the aforesaid conduct and Kwik Goal has also suffered damages as a result of Epic's aforesaid conduct for which Epic is responsible.

## COUNT THREE - PASSING OFF

98.     Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 through 97 of this Complaint with the same force and effect as if fully set forth herein.

99.     Epic's promotion of products other than, and different from, genuine KWIK GOAL® Merchandise in connection with copies of images of genuine KWIK GOAL® Merchandise and their associated trademarks has caused or is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Epic with Kwik Goal, or as to the origin, sponsorship, or approval of Epic's goods, services or commercial activities by Kwik Goal and misrepresents the nature, characteristics, or qualities of Epic's goods in violation of 15 U.S.C. § 1125(a)(1).

100.    Epic's conduct is causing immediate and irreparable injury to Kwik Goal and will continue both to damage Kwik Goal and deceive the public until enjoined by this Court. Kwik Goal has no adequate remedy at law.

101.    Epic has received substantial revenues and substantial profits arising out of the aforesaid conduct and Kwik Goal has also suffered damages as a result of Epic's aforesaid conduct for which Epic is responsible.

## COUNT FOUR
## TRADE DRESS INFRINGEMENT

102.    Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 through 101 of this Complaint with the same force and effect as if fully set forth herein.

103.    Epic's sale of rebounders which feature the distinctive elements of Kwik Goal's Targeted Rebounders has caused or is likely to cause confusion, or to cause mistake, or to

-22-

deceive as to the affiliation, connection, or association of Epic with Kwik Goal, or as to the origin, sponsorship, or approval of Epic's goods, services or commercial activities by Kwik Goal and misrepresents the nature, characteristics, or qualities of Epic's goods in violation of 15 U.S.C. § 1125(a)(1).

104.   Epic's conduct is causing immediate and irreparable injury to Kwik Goal and will continue both to damage Kwik Goal and deceive the public until enjoined by this Court. Kwik Goal has no adequate remedy at law.

105.   Epic has received substantial revenues and substantial profits arising out of the aforesaid conduct and Kwik Goal has also suffered damages as a result of Epic's aforesaid conduct for which Epic is responsible.

## COUNT FIVE
## PATENT INFRINGEMENT

106.   Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 through 105 of this Complaint with the same force and effect as if fully set forth herein.

107.   Defendants, by making, using, offering for sale, and/or selling their two-sided rebounder product, have infringed at least one claim of the '546 patent in violation of 35 U.S.C. § 271(a).

108.   Defendants' conduct is causing immediate and irreparable injury to Kwik Goal and will continue both to damage Kwik Goal and deceive the public until enjoined by this Court. Kwik Goal has no adequate remedy at law.

109.   Defendants have received substantial revenues and substantial profits arising out of the aforesaid conduct and Kwik Goal has also suffered damages as a result of Defendants' aforesaid conduct for which Defendants are responsible.

## COUNT SIX
## BREACH OF CONTRACT

110.    Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 through 109 of this Complaint with the same force and effect as if fully set forth herein.

111.    In the Conditional Permission, defendant ESI agreed that the "'Artwork' may not be altered and/or used for any purpose other than to advertise KWIK GOAL product(s) for the sale of KWIK GOAL products …".

112.    In the Conditional Permission, defendant ESI further agreed to provide full credit and copyright information with respect to Kwik Goal's ownership of copyrights in "Artwork" (as that term is defined in the Conditional Permission).

113.    Defendant ESI has breached the Conditional Permission by, inter alia, using Kwik Goal's catalog images by altering such images and/or using them for purposes other than to advertise Kwik Goal products for the sale of Kwik Goal products.

114.    Defendant ESI has further breached the Conditional Permission by failing to include appropriate copyright notices in connection with its copying and display of Kwik Goal's copyrighted images.

115.    Kwik Goal has suffered damages as a result of defendant ESI's breach of the Conditional Permission for which defendant ESI is responsible.

## COUNT SEVEN
## UNFAIR COMPETITION

116.    Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 through 115 of this Complaint with the same force and effect as if fully set forth herein.

NEWYORK.355647.1

117.   The aforesaid conduct constitutes unfair competition in violation of applicable state law.

118.   Epic has acted willfully, wantonly and maliciously in committing said tortuous acts in violation of applicable state law.

119.   As a result of Epic's aforementioned conduct, Kwik Goal has suffered damages in an amount to be ascertained at trial.

## COUNT EIGHT
## VIOLATION OF NEW YORK LAW PROHIBITING DECEPTIVE ACTS AND PRACTICES

120.   Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 through 119 of this Complaint with the same force and effect as if fully set forth herein.

121.   The aforesaid conduct constitutes deceptive trade practices in violation of the New York General Business Law § 349 et seq.

122.   Epic's conduct is causing immediate and irreparable injury to Kwik Goal and will continue to both damage Kwik Goal and deceive the public until enjoined by this Court. Kwik Goal has no adequate remedy at law.

123.   Epic has acted willfully, wantonly and maliciously in committing said tortuous acts in violation of the New York General Business Law § 349 et seq.

124.   As a result of Epic's aforementioned conduct, Kwik Goal has suffered damages in an amount to be ascertained at trial.

NEWYORK.355647.1

## COUNT NINE
## MISAPPROPRIATION

125.   Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 through 124 of this Complaint with the same force and effect as if fully set forth herein.

126.   The aforesaid conduct constitutes misappropriation in violation of applicable state law.

127.   Epic has acted willfully, wantonly and maliciously in committing said tortuous acts in violation of applicable state law.

128.   As a result of Epic's aforementioned conduct, Kwik Goal has suffered damages in an amount to be ascertained at trial.

## COUNT TEN
## UNJUST ENRICHMENT

129.   Kwik Goal repeats and re-alleges each and every allegation contained in paragraphs 1 through 128 of this Complaint with the same force and effect as if fully set forth herein.

130.   The aforesaid conduct constitutes unjust enrichment in violation of applicable state law.

131.   Epic has acted willfully, wantonly and maliciously in committing said tortious acts in violation of applicable state law.

132.   As a result of Epic's aforementioned conduct, Kwik Goal has suffered damages in an amount to be ascertained at trial.

NEWYORK.355647.1

## REQUEST FOR RELIEF

**WHEREFORE**, Kwik Goal requests relief as follows:

1.      Declaring that Epic has violated Kwik Goal's exclusive rights under Section 106 of the Copyright Act, 17 U.S.C. § 106, sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), section 271(a) of the Patent Act, 35 U.S.C. § 271(a), and the state laws identified above.

2.      Declaring that Goal has violated Kwik Goal's exclusive rights under section 271(a) of the Patent Act, 35 U.S.C. § 271(a).

3.      Awarding to Kwik Goal:

(a)      On Count One, actual damages and an award of Epic's profits in an amount to be determined at trial or the maximum permissible amount of statutory damages for each act of copyright infringement, punitive damages and attorneys' fees;

(b)      On Count Two, compensatory damages including an award of Epic's profits and treble damages in an amount to be determined at trial, and attorneys' fees;

(c)      On Count Three, compensatory damages including an award of Epic's profits and treble damages in an amount to be determined at trial, and attorneys' fees;

(d)      On Count Four, compensatory damages including an award of Epic's profits and treble damages in an amount to be determined at trial, and attorneys' fees;

(e)      On Count Five, compensatory damages in an amount not less than a reasonable royalty including an award of Defendants' profits and treble damages in an amount to be determined at trial, and attorneys' fees;

(f)      On Count Six, compensatory damages in an amount to be determined at trial;

NEWYORK.355647.1

(g)     On Count Seven, compensatory damages and punitive damages in an amount to be determined at trial;

(h)     On Count Eight, compensatory damages and punitive damages in an amount to be determined at trial;

(i)     On Count Nine, compensatory damages and punitive damages in an amount to be determined at trial;

(j)     On Count Ten, compensatory damages and punitive damages in an amount to be determined at trial;

(k)     On all Counts, awarding Kwik Goal interest, including pre-judgment interest, on the foregoing sums; and

(l)     On all Counts, awarding Kwik Goal its costs in this civil action.

4.     Granting Kwik Goal a preliminary and, thereafter, permanent injunction restraining Defendants, their agents, officers, licensees, affiliates, principals, subsidiaries, parents, servants, representatives, employees, attorneys, shareholders, divisions, successors and assigns, and all those in active concert or participation with them who receive notice of such judgment directly or otherwise, from, inter alia,:

(a)     copying, displaying, reproducing or otherwise infringing any portion of the Works in any form or medium;

(b)     promoting and/or marketing products other than KWIK GOAL® Merchandise in connection with copies of images of genuine KWIK GOAL® Merchandise;

(c)     filling customer orders received as a result of the unauthorized copying and reproduction of the Works;

NEWYORK.355647.1

(d)   using the trademarks KWIK BUTTON®, KWIK BACK® and/or the Diamond Design Mark, or any copy, reproduction, colorable imitation or simulation of the foregoing marks in connection with the offer for sale or sale of any goods or services;

(e)   selling, supplying, distributing, or otherwise providing or making available, either directly or indirectly, a "rebounder" with a configuration similar to the distinctive configuration and features of Kwik Goal's rebounder;

(f)   infringing the '546 patent; and

(g)   aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (f) above.

5.   Ordering that Defendants be subject to a constructive trust and provide an accounting and disgorge and pay to Kwik Goal all direct and indirect gains, profits and advantages derived by Epic from its unlawful conduct.

6.   Ordering that Kwik Goal shall have such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         January 19, 2006

                              KILPATRICK STOCKTON LLP


                              Joseph Petersen (JP-9071)
                              31 West 52nd Street, 14th Floor
                              New York, New York 10019
                              Tel: (212) 775-8700
                              Fax: (212) 775-8800

                              Attorneys for Plaintiff
                              Kwik Goal, Ltd.